IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE MARGARET BASSO, § | | |
| Petitioner § | | |
| v. § | NO. H-07-3047 | |
| § | | |
| NATHANIEL QUARTERMAN, § | DEATH PENALTY CASE | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, Respondent § | | |

PETITIONER'S MOTION FOR PERMISSION
TO APPEAL IN FORMA PAUPERIS

TO THE HONORABLE COURT:

COMES NOW the petitioner, Suzanne Margaret Basso ("Basso"), through the undersigned counsel, and submits this motion for permission to appeal to the United States Court of Appeals for the Fifth Circuit in *forma pauperis*. In support of this motion, Basso submits the following:

1. Basso was indicted for Capital Murder in Cause Number 816855 in the 232nd District Court of Harris County, Texas. A jury found Basso guilty as charged. The jury answered special issues submitted under TEX. CODE CRIM. PROC. Art. 37.07, §2 adversely to Basso, requiring the trial court judge to assess the death penalty. Judgment was entered on September 1, 1999. Basso filed a motion for new trial, which was denied after an evidentiary hearing.

2. Basso's conviction was affirmed in an unpublished opinion on January 15, 2003. *Basso v. State*, No. 73,672 (Tex. Crim. App. 2003)(2003WL1702283). The Supreme Court of the United States denied a writ of certiorari on October 6, 2003. *Basso v. Texas*, 540 U.S. 864, 124 S.Ct. 174, 157 L.Ed.2d 116 (2003).

3. Basso filed a postconviction writ application under TEX. CODE CRIM. PROC. Art. 11.071 on September 12, 2001. The district court recommended that relief be denied, and the state writ application was denied on September 20, 2006. Basso filed a suggestion of reconsideration on the Court's own motion, which also was denied.

4. On September 20, 2007 Basso filed an application under 28 U.S.C. §2254. On February 21, 2008 Basso filed a memorandum of law in support of the application. On July 7, 2008 the respondent filed a motion for summary judgment as to all of the claims raised. Basso filed a reply to that motion and motion for summary judgment in her favor on October 20, 2008.

5. On January 26, 2009 this Court granted summary judgment for the respondent on all issues (which necessarily denied summary judgment for Basso). The Court also denied a certificate of appealability.

6. A Rule 59 motion was denied. That motion had included a request for a certificate of appealability.

7. Basso is this day giving timely notice of appeal. Basso intends to present the following issues on appeal:

(1) The United States district court erred in holding that no issues were presented which warranted an evidentiary hearing.

(2) The United States district court erred in granting summary judgment for the respondent because there was some evidence sufficient to defeat summary judgment.

(3) Basso was denied due process of law, under U.S. CONST. Amend. XIV, specifically by interference with a right to put on a complete defense, because she was placed under medication during trial without notice to counsel.

(4) Basso was denied due process of law, under U.S. CONST. Amend. XIV, specifically by causing an unfavorable appearance in court, because she was placed under medication during trial without notice to counsel.

(5) Basso was denied effective assistance of counsel, under U.S. CONST. Amend. VI, because she was placed under medication during trial without notice to counsel.

(6) Basso was denied the effective assistance of counsel at the

punishment stage of trial, in violation of U.S. CONST. Amend. VI, when counsel failed to present mitigating evidence, largely because of inadequate investigation.

(7) Basso was denied due process of law under U.S. CONST. Amend. XIV when the trial court refused to fund a mitigation expert.

(8) Basso was denied a reliable determination of punishment, in violation of U.S. CONST. Amends. VIII and XIV, because significant mitigation evidence was not presented.

(9) The trial court erred in failing to instruct the jury that the State had the burden of proof beyond a reasonable doubt on the mitigation issue at the punishment stage of trial, denying Basso due process of law under U.S. CONST. Amend. XIV.

(10) The court's refusal to read back Dr. Quijano's testimony, pursuant to a Texas statutory restriction, violated Basso's Eighth Amendment right to greater reliability in the jury's determination of punishment-stage issues.

(11) The court's refusal to read back Dr. Quijano's testimony, pursuant to a Texas statutory restriction, violated Basso's Fourteenth Amendment right to due process of law.

(12)   The trial court denied Basso a trial satisfying the Eighth Amendment's heightened reliability requirement by not answering the jury's specific request for a definition of the key phrase "criminal acts of violence."

(13)   The jury charge affirmatively misled the jury as to the numerical requirements for a negative answer to special issues which would lead to life imprisonment, violating the Sixth Amendment right to trial by jury.

(14) The jury charge affirmatively misled the jury as to the numerical requirements for a negative answer to special issues which would lead to life imprisonment, violating the Eighth Amendment because it undermined the reliability of the verdict.

(15)   The jury charge affirmatively misled the jury as to the numerical requirements for a negative answer to special issues which would lead to life imprisonment, in violation of the Fourteenth Amendment due process clause.

8.   At every stage of representation discussed in Paragraphs 1 through 6 above, Basso has been represented by court-appointed counsel, due to her indigency.

9.   Basso believes a certificate of appealability would issue as to one or more

of the issues presented. In the interest of brevity, Basso incorporates by reference the discussion of the standard for a certificate presented in the Rule 59 motion.

10. Counsel for the respondent has indicated that the respondent does not oppose letting Basso appeal *in forma pauperis*.

Wherefore Basso prays that this motion be granted and that he be permitted to appeal from the judgment in this cause without paying the regular $455 filing fee.

                              Respectfully submitted,

                              /s/_____
                              Winston E. Cochran, Jr.
                              Attorney at Law
                              Texas Bar No. 04457300
                              Federal Bar No. 14490
                              P.O. Box 38465
                              Houston, Texas 77238-8465
                              Tel. (713) 228-0264
                              Fax (281) 894-2705
                              Attorney for Petitioner

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel of record for the respondent, Assistant Attorney General Tina Miranda, who stated that the respondent does not oppose allowing Basso to appeal *in forma pauperis*.

                              /s/ _____
                              Winston E. Cochran, Jr.

## CERTIFICATE OF SERVICE

_____I certify that on this the 27th day of March, 2009 a copy of this motion and the attached Form 4 are being served via ECF on counsel for the respondent at the following address:

>Office of the Attorney General of Texas
>Postconviction Litigation Division
>Attn: Tina Miranda
>P.O. Box 12548
>Austin, TX 78711

/s/_____
Winston E. Cochran, Jr.